IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAISY RODRIGUEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-00749-JD |
| WALMART STORES EAST, LP, | ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court are Plaintiff Daisy Rodriguez's ("Rodriguez") Motions in Limine, to which Defendant Walmart Stores East, LP ("Walmart") responded [Doc. Nos. 105, 116], and Walmart's Motions in Limine, to which Rodriguez responded [Doc. Nos. 102, 120]. Upon consideration of the parties' arguments and the legal standards, the Court issues this Order.

# BACKGROUND

The case arises out of a slip-and-fall incident, on February 27, 2019. Rodriguez was walking toward the entrance of Walmart's Store No. 743, located in Oklahoma City, when she slipped on a patch of ice. Rodriguez claims that she suffered significant injuries from this fall that required extensive medical care.

The parties are set for a jury trial on August 21, 2023. The parties request advanced rulings on potential evidentiary issues.

## **LEGAL STANDARDS**

A motion in limine is a "'pretrial request that certain inadmissible evidence not be referred to or offered at trial.'" *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (quoting Black's Law Dictionary (10th ed. 2014) (emphasis omitted)). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id*. (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

The Court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). Motions in limine that generally lack specificity are properly denied. *See* Fed. R. Civ. P. 7(b)(1)(B); *see also Shotts v. GEICO Gen. Ins. Co.*, No. CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (unpublished); *Mantle v. Albertson's, Inc.*, No. CIV-03-1601-T, 2004 WL 7330805, at *2 (W.D. Okla. Sept. 29, 2004) (unpublished).

The Court's analysis is guided by Federal Rule of Evidence 102: that the Federal Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." The Court must determine relevancy, *i.e.*, whether the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. However, the Court may exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

A district court has "considerable discretion" in running its courtroom. *United States v. Banks*, 761 F.3d 1163, 1193 (10th Cir. 2014). Courts must exercise control "over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a); *see United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) ("[W]e have held, among other things, that district courts have wide-ranging control over management of their dockets, the courtroom procedures, and the admission of evidence."); *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) ("A trial court necessarily possesses considerable discretion in determining the conduct of a trial, including the orderly presentation of evidence."). The trial court's discretionary decisions relating to the orderly presentation of evidence "will not be disturbed absent a manifest injustice to the parties." *Ontko*, 814 F.2d at 1470.

## DISCUSSION

**A.     Rodriguez's Motions in Limine**

   *1. Agreements*

<u>Plaintiff's Motion in Limine No. 1</u>: Rodriguez seeks an order prohibiting evidence or mention of her workers compensation claim. Specifically, Rodriguez seeks to exclude any reference to her being hurt "on the job" or her subsequent workers compensation claim. This includes evidence relating to her retention of an attorney to represent her in connection with the filing of a workers compensation claim, her filing of a workers

compensation claim, her bills being paid by workers compensation insurance, and her workers compensation attorney referring her to a doctor.

The parties agree regarding Plaintiff's Motion in Limine No. 1. *See* [Doc. No. 105-1]. The Court therefore **GRANTS** the Motion regarding Rodriguez's Motion in Limine No. 1 consistent with the parties' agreement.

*2. Contested Issues*

Plaintiff's Motion in Limine No. 2: Rodriguez requests that the Court prevent Walmart from introducing any evidence that her counsel referred her to any of her treating physicians or that her counsel recommended that she seek medical treatment.

Although the motion does not clearly lay this out, it cites Federal Rules of Evidence 402, so this objection is partly based on relevance grounds. The motion also invokes attorney/client privilege, but it does not explain how that privilege applies. Rodriguez also argues that evidence that her attorneys referred her to a physician would raise an unfairly prejudicial implication that her medical problems were manufactured or nurtured by her attorneys.

Walmart contends evidence that Rodriguez was referred to medical providers by her attorneys should be admissible because it relates to Rodriguez's bias or credibility. Walmart explains that the evidence could relate to whether Plaintiff was referred to a provider for purposes of treatment or to obtain "certain benefits." [Doc. No. 116 at 3]. Walmart does not explain what benefits it is referencing, Finally, without providing any foundational facts to support this contention, Walmart contends evidence that

Rodriguez's attorneys referred her to medical providers may "speak to the intent to increase medical costs" related to Rodriguez's fall. *Id.*

The authority Walmart primarily relies upon, *English v. Astrue*, is a report and recommendation in an appeal from the U.S. Social Security's decision to deny a plaintiff disability benefits. No. CIV-11-017-RAW, 2012 WL 913683, at *4 (E.D. Okla. Feb. 27, 2012). Walmart does not explain how the statement it plucked from that report and recommendation and quoted in its response relates to the issues of this case. Further, if the "benefits" Walmart speaks of in its response relate to Rodriguez's workers compensation claim, then this issue is already covered by the parties' agreed motion in limine, in which Walmart agreed not to introduce evidence of Rodriguez's workers compensation attorney referring her to a doctor. Walmart has not shown how evidence that Rodriguez's attorneys referred her to physicians is relevant to her credibility.

As to Walmart's final contention, a witness's intention to unnecessarily increase medical costs would be indicative of that witness's credibility. The problem here, though, is that Walmart made no effort to tie this hypothetical intent to the facts of this case and to Rodriguez's medical treatment.

Accordingly, at this point, the Court is not convinced that evidence that Rodriguez's attorneys referred her to a physician for treatment is relevant under Rule 401 for any reason raised by Walmart. While the Court struggles to see the relevance this evidence could have during trial, the Court will **RESERVE** ruling on Plaintiff's Motion in Limine No. 2 to see if, and how, this arises during trial. Before embarking on any line

of questioning that could elicit testimony of attorney referrals to physicians, Walmart shall notify the Court and Rodriguez's counsel outside the presence of the jury.

Plaintiff's Motion in Limine No. 3: In Rodriguez's Motion in Limine No. 3,[1] she seeks an order precluding Walmart from attempting to limit or equate "pain and suffering" to medical bills. The parties have agreed and stipulated to the amount of Rodriguez's medical bills admissible under Okla. Stat. tit. 12, § 3009.1. Rodriguez seeks past and future medical bills as damages. She argues that there is no logical correlation between the amount charged for a medical service and the "pain and suffering" she experienced.

Walmart argues that it should be able to introduce evidence to rebut evidence of Rodriguez's pain and suffering and that, because the jury has wide discretion in determining damages for pain and suffering, the information they consider for such award should not be limited as Rodriguez requests.

In the Joint Proposed Jury Instructions, the parties request that the Court instruct the jury with Oklahoma Uniform Jury Instruction ("OUJI") 4.1, which lists the categories of damages available if the jury were to find in Rodriguez's favor on her negligence claim. *See* [Doc. No. 103] at 21. That proposed instruction includes separate categories

---

[1] The materials before the Court do not indicate that Plaintiff's counsel sought to confer with Defendant's counsel before raising this issue. *See* [Doc. No. 105-1]. Plaintiff's counsel is cautioned to follow the Court's requirements regarding meet and confer. In its discretion, however, and to assist the parties in formulating their trial strategy, the Court will reach this issue, which is fully briefed and ready for disposition.

for physical pain and suffering, mental pain and suffering, and the reasonable expenses of the necessary medical care, treatment, and services, past and future.

"Damages for pain and suffering are not susceptible to proof by a specific dollar amount, and accordingly, the jury has wide discretion in rendering a particular amount." *Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1174 (10th Cir. 2000). Walmart argues that the jury should hear all the information surrounding Rodriguez's medical care. Because Rodriguez seeks to recover past and future medical bills, the jury will hear information regarding the medical bills, including the parties' stipulated amount of past bills. Walmart is certainly permitted to present testimony and evidence on issues concerning the amount of medical bills.

What Rodriguez's motion seeks to prevent is a statement or implication from counsel that pain and suffering is somehow limited by the amount of medical bills. Such statement would encroach on the Court's role in instructing the jury on the applicable law and is not permissible.

To the extent Walmart seeks to present testimony and evidence on the amount of medical bills, Rodriguez's Motion in Limine No. 3 is **DENIED**; to the extent Walmart seeks to state or imply that pain and suffering is limited by the amount of medical bills, Rodriguez's Motion in Limine No. 3 is **GRANTED**.

B.    **Walmart's Motions in Limine**

1.   *Agreements*[2]

2.   *Contested Issues*

<u>Defendant's Motion in Limine No. 1</u>: In its first motion, Walmart requests that the Court exclude any evidence or statement from counsel regarding how stores other than Store 743 operate or respond to weather events. Walmart contends that such evidence is irrelevant.

Rodriguez argues that the practices of other Walmart stores are relevant to the proper interpretation of Walmart's corporate policies and to show what Store No. 743 employees knew or should have known about preparing for inclement weather and treating black ice in the area where Rodriguez fell.

The Court finds that evidence of practices at other stores, as a general matter, is not relevant to the issues of this case. What other stores typically do in preparation for weather events and how they interpret Walmart policies reveals nothing about whether Walmart breached any duty it owed Rodriguez on the day she fell. And this extraneous information in a generalized context about other stores presents dangers of confusing the issues, misleading the jury, and wasting time that outweigh any probative value under Rule 403.

---

[2] Walmart states that the "parties were able to agree on some issues," but it does not memorialize those agreements or issues in its motion and only presents the contested issues. [Doc. No. 102] at 1. If the parties wish to make their agreements part of the record, they should file the agreed motions in limine topics or present them to the Court in advance of the pretrial conference.

However, the Court finds that evidence of what other local stores did in preparation for the specific winter storm in this case would be relevant to the issues of the case, including whether Store No. 743 failed to exercise ordinary care to avoid Rodriguez's injury. The Court also finds that testimony of the individual interpretation of company policy from Walmart employees working at other stores is relevant and admissible.

Therefore, the Court **GRANTS** in part and **DENIES** in part Walmart's Motion in Limine No. 1.

Defendant's Motion in Limine No. 2: Walmart asks in its second motion in limine to prevent Plaintiff's counsel from making opinion statements or eliciting testimony from fact witnesses concerning black ice, how it develops, the rate at which it develops, and whether it constitutes an accumulation of ice. Rodriguez objects to this request, arguing that the Motion does not seek to exclude any testimony or evidence but, instead, seeks to dictate how her counsel asks questions or makes argument at trial.

Walmart's main contention is that Rodriguez's counsel is not an expert in weather and thus should not be able to offer opinions on the formation of black ice. To that extent, the Court agrees. Walmart makes no contention, however, that black ice, as a general topic, is one that requires scientific, technical, or other specialized knowledge or that it lies outside a lay witness's common knowledge. Witnesses who have personal knowledge of black ice can offer testimony of their experience with it and their perceptions. The Court will, however, caution counsel that it will not permit improper leading questions on this or any other topic, and the Court will exercise its discretion to prohibit cumulative

evidence and testimony on these issues to avoid wasting time and to move the trial along. All questioning should comply with the Federal Rules of Evidence.

The Court **DENIES** Walmart's Motion in Limine No. 2 on black ice as a general topic.

<u>Defendant's Motion in Limine No. 3</u>: Walmart's Motion in Limine No. 3 concerns Walmart's Emergency Operations Center ("EOC"), which is an entity that assists Walmart stores in responding to major events affecting the operation of the stores. Walmart explains that those major events include significant weather events but contends that there is no evidence that the EOC responds to "daily winter weather events or [provides] customers with warnings about winter weather events." [Doc. No. 102] at 5.

Walmart states that the only involvement by the EOC in this case was a phone call placed by Store No. 743 reporting Rodriguez's fall and that she was transported from the store by ambulance.

Rodriguez argues that evidence concerning the EOC is relevant based on the testimony of Store No. 743's manager, Christopher Wainwright, that the EOC would have monitored the icy weather conditions on the day Rodriguez fell. Wainwright also testified that he spoke with the EOC three separate times about the winter event relevant to this case.

The Court agrees with Rodriguez that based on Wainwright's testimony, necessary background information about the EOC and evidence of its involvement in this case are topics clearly relevant under Rule 401 or to Wainwright's credibility.

Under the Court's discretion in controlling the mode and order of examining witnesses and presenting evidence, however, the Court will not allow unnecessary presentation of unrelated topics regarding the EOC. Counsel should stick to the necessary background information about the EOC—meaning what it is and its involvement in this case.

Walmart's Motion in Limine No. 3 is **DENIED** as specified above.

<u>Defendant's Motions in Limine Nos. 4 and 5</u>: The Court takes these together, as they both deal with the same general topic, which is the other individuals who also fell outside Walmart's entrances on the day Rodriguez fell. The fourth motion deals with those falling before Rodriguez, and the fifth motion concerns those falling after Rodriguez.

Starting with the anticipated evidence, a video produced by Walmart shows fifteen people fall outside the general merchandise entrance before Rodriguez. That same video continues to record after Rodriguez's fall, and it shows other people slip on ice, including a Walmart employee. Another video shows people slipping outside the grocery entrance to the store.

Admission of evidence "regarding prior accidents or complaints is 'predicated upon a showing that the circumstances surrounding them were substantially similar to those involved in the present case.'" *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987) (quoting *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1460 (10th Cir. 1987)).

> Most of the law concerning the admission of other similar incidents has been developed in the context of products liability litigation. However, Tenth Circuit precedent discusses admissibility of evidence of other similar incidents in the context of an element of plaintiff's claim, and the substantial similarity test is simply an application of the relevance requirement of Fed. R. Evid. 401.

*Simpson v. Saks Fifth Ave., Inc.*, No. 07-CV-0157-CVE-PJC, 2008 WL 3388739, at *3 (N.D. Okla. Aug. 8, 2008).

Walmart argues the incidents of other individuals falling outside its store are irrelevant because, according to Walmart, there is no credible evidence of similarity of the conditions between those incidents and Rodriguez's fall. Walmart asserts that the only video evidence that is admissible is the short clip of Rodriguez's fall.

Rodriguez asserts that these other incidents are relevant to show Walmart's notice of the slippery condition outside the store, and that the other incidents are substantially like her fall. The Court agrees, at least for the incidents that occurred before Rodriguez fell. Discussing first the other incidents outside of the entrances that occurred before Rodriguez fell, the videos show numerous people fall within an hour of Rodriguez who all appear to slip in a similar fashion as Rodriguez: on ice as they walk in the store. These substantially similar incidents may have some tendency to show that Walmart had notice of the slippery conditions where Rodriguez fell. As to the open and obvious issue, the videos could cut both ways depending on how the jury interprets them. *Cf.* OUJI 11.12. Several people slip, but many people seem to walk in the store without much issue. These videos thus have some tendency to make it more or less likely that the ice Rodriguez slipped on was open and obvious. The video of the grocery entrance itself may be

admissible for other reasons, such as evidence supporting Rodriguez's contention that Walmart had actual notice of the slippery condition outside the store.

As for the 403 dangers identified by Walmart, evidence of the other incidents occurring before Rodriguez's fall do not present dangers of unfair prejudice and confusion of the issues that substantially outweigh the probative value of the evidence.

However, evidence of the incidents that occurred after Rodriguez fell are not relevant to whether Walmart had notice of the slippery condition before Rodriguez fell or to whether the danger from the ice was so open and obvious that Rodriguez should have discovered it before she fell. It also is not clear that the conditions after Rodriguez fell are properly considered substantially similar. Further, any probative value of these incidents would be substantially outweighed by Rule 403 dangers, specifically unfair prejudice and confusing the issues.

Therefore, the Court **DENIES** Walmart's Motion in Limine No. 4 and **GRANTS** Walmart's Motion in Limine No. 5. To be clear, the Court's preliminary ruling in this context is that video and other evidence of incidents that occurred before Rodriguez fell are admissible, and video and other evidence of incidents that occurred after she fell are not.

Defendant's Motion in Limine No. 6: Walmart asks in its sixth motion that the Court preclude Rodriguez from introducing evidence of any subsequent remedial measure taken by Walmart after Rodriguez's fall. Walmart vaguely refers to the evidence this motion seeks to exclude, which is its investigation into Rodriguez's fall and any training provided to Walmart employees after her fall.

The Scheduling Order states that the parties must attach to the motion or otherwise submit to the Court the disputed evidence that is at issue. *See* [Doc. No. 24] ¶ 10. Because Walmart makes such general and undescriptive references to the evidence at issue here, the Court cannot meaningfully assess whether Rule 407 applies to exclude the evidence or whether an exception (such as proving ownership, control, or the feasibility of precautionary measures) might apply. The motion lacks specificity.

Therefore, Walmart's Motion in Limine No. 6 is **DENIED** for lack of specificity.

Defendant's Motion in Limine No. 7: Walmart's seventh motion in limine seeks an order preventing Rodriguez's attorneys from making arguments it speculatively anticipates counsel might make about generalized safety rules.

At this time, the Court finds Walmart has not shown with sufficient particularity what Rodriguez's counsel should be precluded from saying at trial. Walmart makes no reference to any line of inquiry made by Plaintiff's counsel during the depositions in this matter. How safety issues will be inquired about at trial is yet to be determined. If at trial Walmart believes questioning or argument by Rodriguez's counsel strays from the standard of care into impermissible safety issues or reptile theory arguments, any objections may be made at the time of trial and will be ruled upon accordingly. Moreover, instructions to the jury will address that arguments and statements of the attorneys are not evidence. The Court warns counsel that it will not tolerate attempts by any party to incite the jury or to usurp the role of the judge or jury.

The Court **DENIES** Walmart's Motion in Limine No. 7 for lack of specificity.

Defendant's Motion in Limine No. 8: In its eighth motion in limine, Walmart asks the Court to prevent Plaintiff's counsel from arguing or implying that Walmart's internal policies and procedures create a legal duty owed by Walmart and its employees.

Walmart does not argue that its internal policies and procedures are inadmissible themselves, just that they should not be conflated with the legal duties owed to Rodriguez as an invitee. The Tenth Circuit has explained that "[a]lthough a company's internal policies do not alter the applicable standard of care, they are admissible to show negligence, even if the policies demand a higher standard of care than the applicable law." *Therrien v. Target Corp.*, 617 F.3d 1242, 1256 (10th Cir. 2010) (internal quotation marks and citation omitted). Internal policies are admissible "when the jury is instructed that they are not admitted as legal standards of duty, but as evidence of the measure of caution which ought to be exercised in situations to which the rules apply." *Id.*

Should the parties seek to admit Walmart's internal policies, the Court will likely give the instruction approved by the Tenth Circuit in *Therrien*, which should alleviate any concern raised by this motion.[3] Alternatively, the parties can submit proposed limiting instructions on this issue. Either way, the parties should work with the Court to sort out this issue at their pretrial conference so that the jury's time is not wasted.

The Court **DENIES** Walmart's Motion in Limine No. 8.

---

[3] In *Therrien*, the Tenth Circuit found the following instruction "properly informed the jury how the policies could and could not be used": "Any Target policies or procedures admitted into evidence are not admitted as legal standards or legal duties in this case. As such, the finding of a violation of policy or procedure should not be equated with a finding of negligence. Although Target's policies and procedures do not alter the negligence standard of care, they are admissible to show negligence." 617 F.3d at 1256.

Defendant's Motion in Limine No. 9: Walmart's ninth motion in limine seeks an order precluding arguments, comments, statements, or implications that it spoliated or destroyed evidence after Rodriguez's incident.

Walmart speculates that Rodriguez has included a letter her counsel sent Walmart concerning the preservation of evidence to argue that Defendant spoliated evidence in this case. Walmart asserts this would be the only relevant use for the letter. But Walmart does not seek exclusion of the letter under Rules 401, 402, or 403. Walmart merely requests that Rodriguez be prevented from raising a spoliation of evidence allegation because Rodriguez has not filed a motion raising the issue.

Rodriguez argues that the letter could be relevant to the credibility of Walmart employees. She explains that "if Walmart intends to rely on the lack of incident reports to deny knowledge of the full extent of the hazard posed, then [she] should be able to discuss the preservation letter so that the jury can determine the credibility of the witnesses on this issue." [Doc. No. 120] at 19. Plaintiff also clarifies in a footnote that this is an evidentiary issue, not a discovery issue.

Based on the briefs, the Court is not prepared at this time to rule on this motion. It seems like both Walmart and Plaintiff are speculating as to what the other is intending to do here. Walmart is correct that there has been no motion from Plaintiff seeking sanctions for spoliation. And the Court is not fully convinced that admission of the letter itself is necessary for use in cross-examination as argued by Rodriguez. To the extent Rodriguez's counsel is seeking to cause the jury to speculate by using the preservation letter, such an approach would fail under Rules 401, 402, and 403.

Nonetheless, the Court will wait to make a ruling on this issue until it receives context at trial, and thus, it will **RESERVE** ruling on Walmart's Motion in Limine No. 9. Before seeking to admit or otherwise use the preservation letter, Plaintiff shall notify the Court and Walmart's counsel outside the presence of the jury.

Defendant's Motion in Limine No. 10: Finally, Walmart's tenth motion in limine asks the Court to exclude argument, comments, or statements concerning publications that were not in existence at the time of Plaintiff's fall.

Specifically, Walmart seeks to exclude an article entitled "Winter Storm Facility Status," which was published on February 15, 2021, almost two years after Plaintiff's fall, and two Facebook posts made by Store 743 on the day of Plaintiff's fall. One post promotes the ingredients of Frito chili pie, and the other promotes indoor planting. The parties apparently do not know what time the Facebook posts were made.

First, regarding the article, Walmart contends it is irrelevant since it had not been published at the time of Plaintiff's incident on February 27, 2019, thus meaning that it "can never make Plaintiff's allegations that she slipped and fell on ice in the parking lot of Defendant's retail [entrance] more or less true." [Doc. No. 102] at 14. Walmart also argues that the article is irrelevant or would confuse the jury because it was published in 2021 during "a widespread weather event that many have called a 'polar vortex.'" *Id.* Second, regarding the Facebook posts, Walmart argues that they are irrelevant because there is no evidence showing what time the posts were made. Walmart states that it believes they were made after Plaintiff's fall.

17

Rodriguez argues that the article is relevant because even though it was published in 2021, two years after her fall, it describes the way things should have worked on February 27, 2019. Regarding the Facebook posts, Plaintiff argues that the posts are relevant regardless of the time they were made because they show that Walmart "actively and expressly invites customers to shop during inclement weather," which is relevant to establish Walmart's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident under Rule 404(b). Plaintiff also argues that the posts are relevant to show Walmart's goal of profiting from inclement weather events as a routine business practice under Rule 406.

The Court agrees with Walmart on the lack of relevancy under Rule 401 and the dangers under Rule 403 of the article published in 2021. The parties agree that inclement weather, slips, trips, and falls, management, and associates policies, procedures, and guidelines are admissible and have included them on their joint exhibit list. *See, e.g.*, Joint Exhibits [Doc. No. 121-1]. Thus, the 2021 article does not have the tendency to make a fact of consequence "more or less probable *than it would be without the evidence*." Fed. R. Evid. 401 (emphasis added). Even if there is some marginal relevance of the 2021 article to the incident in 2019, the gap in time and the needless nature of the article lead to real dangers under Rule 403, specifically unfair prejudice, confusing the issues, misleading the jury, wasting time, and needlessly presenting cumulative evidence. The Court finds that any minimal probative value of the 2021 article to the 2019 fall is substantially outweighed by these dangers and risks.

The Court also agrees with Walmart on the Facebook posts. Rodriguez has not shown the relevance of these posts. While she cites to Rule 404(b) and 406, she does not apply the rules or provide any analysis showing how the proposed use of the evidence fits the rules. She also has not explained how these posts are probative for the uses she indicates in her response. Walmart is a store; Rodriguez was an invitee. These facts are not disputed. *See* Final Pretrial Report [Doc. No. 121] at 3 (stipulated facts). Moreover, any slight probative value these posts might have is diminished by the fact that we do not know what time they were made. Furthermore, the posts present dangers of unfair prejudice, confusing the issues, misleading the jury, wasting time, and needlessly presenting cumulative evidence that substantially outweigh any minimal probative value of the evidence.

The Court **GRANTS** Walmart's Motion in Limine No. 10.

## CONCLUSION

As set forth above, the Court grants in part, denies in part, and reserves in part Plaintiff's and Defendant's Motions in Limine. Any limiting instructions the parties seek based on these preliminary rulings should be presented to the Court no later than the pretrial conference.

IT IS SO ORDERED this 16th day of June 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE