## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DAISY RODRIGUEZ,                    )
                                    )
           Plaintiff,        )
                                    )
v.                                  )    Case No.: CIV-21-749-JD
                                    )
WALMART STORES EAST, L.P.           )
                                    )
                                    )
           Defendants.       )

## <u>SECOND AMENDED FINAL PRETRIAL REPORT</u>

All counsel who will appear at trial:

Appearing for Plaintiff:

    Brad Miller, OBA #11437
    J. Logan Johnson, OBA #12722
    Miller Johnson Jones Antonisse & White, PLLC
    500 NW 6th Street, Suite 300
    Oklahoma City, OK 73102-1219

    **-and-**

    Mariano Acuña, OBA #20023
    Acuña Law Firm
    1900 N.W. Expressway, Suite 930
    Oklahoma City, OK 73118

Appearing for Defendant:

    Michael W. Brewer, OBA #11769
    Andre V. Farinha, OBA #32910
    Hiltgen & Brewer, P.C.
    9505 N. Kelley Avenue
    Oklahoma City, OK 73131

**Jury Trial Demanded ☒**        **Non-Jury Trial ☐**

1. <u>BRIEF PRELIMINARY STATEMENT</u>. State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

The parties to this case are Daisy Rodriguez, the Plaintiff, and Walmart Stores East, L.P., the Defendant. On February 27, 2019, Daisy Rodriguez went to the Walmart Supercenter located at 100 E. I-240 Service Road in south Oklahoma City to shop. As Plaintiff was walking in the striped area in front of the General Merchandise entrance/exit of the store, she slipped and fell. Plaintiff claims she slipped and fell on black (invisible) ice and as result sustained permanent injuries to her spine.

Plaintiff claims that Defendant knew or should have known that ice could form due to the winter weather conditions on February 27, but did nothing to prevent ice from developing in the striped area in front of the entrance/exit of the store or to warn customers of same.

Further, Plaintiff claims Walmart acted in reckless disregard for the safety of its customers and/or engaged in intentional and malicious actions by refusing to maintain its property in a reasonably safe condition for its customers, and by failing to train, manage, and direct its employees to anticipate and react to winter weather conditions as required by its internal policies and procedures.

Defendant Walmart denies these allegations and claims that the ice which formed in the parking lot was due to natural weather conditions for which it was not responsible. Defendant further denies it was required to remove the ice or warn of its existence because the condition was open and obvious. Defendant Walmart also denies that its conduct is a basis for punitive damages. Defendant had in place reasonable policies and procedures which its employees were trained on.

2. <u>JURISDICTION</u>. State the basis on which the jurisdiction of the court is invoked.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

3. <u>STIPULATED FACTS</u>. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. At the time of the events giving rise to this litigation, Plaintiff, Daisy Rodriguez, was a citizen of the State of Oklahoma.

   b. Defendant, Walmart Stores East, L.P., is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

c. The conduct at issue in this case occurred in Oklahoma County, Oklahoma.

d. The amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.

e. Plaintiff was a business invitee who was lawfully on the property known as a Walmart Supercenter located at 100 E. I-240 Service Road in south Oklahoma City.

f. On February 27, 2019, Defendant was the owner of the property known as a Walmart Supercenter located at 100 E. I-240 Service Road in south Oklahoma City.

4. <u>LEGAL ISSUES</u>. State separately, and by party, each disputed legal issue and the authority relied upon.

A. <u>Plaintiff</u>

1. Whether Walmart was negligent and breached its duty to maintain its property in a reasonably safe condition for the safety of its business invitees. [OUJI 3d (Rev. 2009) 9.1, 9.2, 9.6, 11.10, and 11.11]

2. The extent of injuries and the dollar amount of damages sustained by Plaintiff as a direct result of the negligence of Walmart. [OUJI 3d (Rev. 2009) 4.1, 9.1, 9.2, 9.6]

3. Whether Walmart acted in reckless disregard for the safety of its customers and/or engaged in intentional and malicious actions by refusing to maintain its property in a reasonably safe condition for its customers, and by failing to train, manage, and direct its employees to anticipate and react to known hazardous winter weather conditions as required by its implemented policies and procedures. [OUJI 3d (Rev. 2009) 5.6, 5.7, 5.9, 5.10, 23 O.S. § 9.1, *Scribner v. Hillcrest Medical Center*, 1992 OK CIV APP 117, 866 P. 2d 437; *Roberson v. Wal-Mart, Inc.*, 2022 WL 2874715 (United States District Court W.D. Oklahoma).

B. <u>Defendant</u>

1. Whether Defendant owed Plaintiff a legal duty to warn her of the icy conditions in the parking lot of Defendant's retail store that resulted because of natural weather conditions?

2.    Whether Defendant can be legally liable for Plaintiff's injuries if the icy conditions were not caused, created, or modified by Defendant in advance of Plaintiff's incident?

3.    Whether the facts and circumstances of the underlying incident satisfies the standard for the imposition of punitive damages?

5. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.</u>

  A.    <u>Plaintiff</u>

    1. Contentions

  a.  Negligence. Defendant breached its duty to maintain its premises in a reasonably safe condition by:

-failing to act proactively to forecasted inclement winter weather (freezing drizzle) to prevent the development of invisible black ice at the entrance/exit crosswalks to its retail store;

-failing to remove a hidden danger (invisible black ice) on the premises of which it had actual knowledge;

-failing to remove a hidden danger (invisible black ice) on the premises of which it should have known in the exercise of reasonable care;

-failing to warn Plaintiff of a hidden danger (invisible black ice) on the premises of which it had actual knowledge;

-failing to warn Plaintiff of a hidden danger (invisible black ice) on the premises of which it should have known in the exercise of reasonable care; and

-creating an unreasonably dangerous hidden danger by allowing invisible ice to develop on non-slip painted stripes at the entrance/exit crosswalks to its retail store.

  b.  Walmart's acted in reckless disregard of the rights of others and/or intentionally and with malice toward others by:

-Failing and refusing to follow "Inclement Weather Guidelines," "Standard Operating Procedures," "One Best Way" company policies procedures

guidelines, "Department Safety Solutions," "Walmart Workplace Safety for Hourly Associates" training module, and "Walmart Workplace Safety for Management" training module;

-Failing and refusing to train facility #743 employees on hazardous winter weather as mandated by "Inclement Weather Guidelines," "Standard Operating Procedures," "One Best Way" company policies procedures guidelines, "Department Safety Solutions," "Walmart Workplace Safety for Hourly Associates" training module, and "Walmart Workplace Safety for Management" training module; and

-Prioritizing profits over safety. Moving attractive consumer products to the front of the store to "drive sales" while leaving ice melt products stored in the back of the store on a top shelf which required removal by use of an indoor lift *after* over 20 people fell near or in the entrance/exit crosswalk to General Merchandise area alone.

B.    Defendant

Defendant denies Plaintiff's claim for damages, including any allegations of negligence on behalf of Defendant. Defendant also expressly denies Plaintiff's claim for damages due to liability under negligence, premises liability, or negligent training. Defendant further denies that Plaintiff's claimed injuries were caused by Defendant Walmart. Plaintiff slipped and fell due to a natural accumulation of ice in Defendant's parking lot that was neither caused, created, or modified by Defendant. Defendant adequately and properly trained its associates. Plaintiff's admissible medical bills are limited by 12 O.S. §3009.1. Punitive damages are not applicable under these factual circumstances.

2.   Claims for Damages

| Damages | Applicable Statutes, Ordinances and Common Law Relied Upon |
|---|---|
| 1.   Personal Injury<br><br>Medical Bills (past)         $137,239.43<br>Medical Bills (future)       $200,219.00<br>Lost income (past)            $103,014.00<br>Lost income (future)          $354,350.00<br>Loss of household services<br>(pre and post resolution)    $181,619.00<br>Physical pain and suffering | OUJI (Rev. 2009) 4.1 |

| | | |
|---|---|---|
| (past and future) | $1,000,000.00 | |
| Mental pain and suffering | | |
| (past and future) | $1,000,000.00 | |
| Permanency of injuries | $1,000,000.00 | |
| Physical impairment | $1,000,000.00 | |
| Disfigurement | $250,000.00 | |
| 2. Punitive damages | | OUJI (Rev. 2009) 5.6, 5.7, 5.9, 5.10, and 23 O.S. § 9.1, Category II:<br><br>$500,000.00 or twice the amount of actual damages awarded, whichever is greater |

    C.    <u>Defendant</u>: Walmart has not asserted any claims against Plaintiff and does not seek any damages. Walmart sets forth the following contentions:

        1.     Defendant generally and specifically denies Plaintiff's claims of liability, negligence and damages.

        2.     Plaintiff has failed to state a claim upon which relief can be granted.

        3.     Contributory/comparative negligence of Plaintiff.

        4.     Plaintiff's injuries were brought about by superseding and intervening cause.

        5.     Plaintiff's actions were the sole cause of any injuries.

        6.     Defendant owed no duty to Plaintiff under Oklahoma law under the circumstances.

        7.     The complained-of condition was open and obvious.

        8.     Defendant owed Plaintiff no duty to warn her of the dangers of natural accumulations of weather elements.

        9.     Punitive damages are not applicable under the circumstances of this case.

6.    <u>EXHIBITS</u>. The following exclusionary language **<u>MUST</u>** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

    A.    Joint Exhibits

*See* Joint Exhibits, attached as Exhibit 1.

    B.    Plaintiff:

*See* Plaintiff's Additional Exhibit List, attached as Exhibit 2.

C.     Defendant:

*See* Defendant's Additional Exhibit List, attached as Exhibit 3.


7.     <u>WITNESSES</u>:  The following exclusionary language **<u>MUST</u>** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.     <u>Plaintiff</u>:

| No. | Name | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Daisy Rodriguez | c/o Miller Johnson Jones Antonisse & White<br>500 NW 6th St, Suite 300<br>Oklahoma City, OK 73102 | Deposed. Plaintiff's fall, injuries, damages sustained. |
| 2. | Ruth Quezada | 1441 SW 26th Street Oklahoma City, OK 73109 | Sister of Daisy Rodriguez. Will testify regarding her observations of Daisy Rodriguez's physical and mental condition before February 27, 2019, and her observations of the physical and mental consequences of the injuries sustained by Daisy Rodriguez at Walmart store #743 on February 27, 2019. |
| 3. | Ramon Ivan Ruvalcaba | 3429 S. Roff Avenue Oklahoma City, OK 73119 | Friend of Daisy Rodriguez. Will testify regarding his observations of Daisy Rodriguez's physical and mental condition before February 27, 2019, and his observations of the physical and mental consequences of the injuries sustained by Daisy Rodriguez at Walmart store #743 on February 27, 2019. |

| | | | |
|---|---|---|---|
| 4. | Jasmin Yvette Torres | 2150 S. Arizona Avenue, Unit E117 Yuma, AZ 85364 | Daughter of Daisy Rodriguez. Will testify regarding her observations of Daisy Rodriguez's physical and mental condition before February 27, 2019, and her observations of the physical and mental consequences of the injuries sustained by Daisy Rodriguez at Walmart store #743 on February 27, 2019. |
| 5. | Cherish Hill | c/o Walmart Store #743 100 E. Interstate 240 Service Road Oklahoma City, OK 73149 | Deposed. Walmart Customer Service Manager. Facts and circumstances surrounding Walmart's reaction to incoming inclement winter weather on February 27, 2019, and the days before February 27, 2019; training received regarding inclement winter weather; observations on February 27, 2019; actions and inactions taken by Walmart before and after Plaintiff's fall; knowledge of third-party vendor to treat outdoor areas to prevent and/or remove ice from entrance/exit crosswalk areas at store; defendant's inclement winter weather policies, procedures, guidelines, and training materials. |

| | | | |
|---|---|---|---|
| 6. | Billy Scales | c/o Walmart Store #743<br>100 E. Interstate 240 Service Road<br>Oklahoma City, OK 73149 | Deposed. Walmart Cart Pusher. Facts and circumstances surrounding Walmart's reaction to incoming inclement winter weather on February 27, 2019, and the days before February 27, 2019; training received regarding inclement winter weather; observations on February 27, 2019; his reporting of slick conditions at the grocery entrance to Walmart's customer service manager and assistant manager before 9:26 a.m. on February 27, 2019; actions and inactions taken by Walmart before and after Plaintiff's fall; knowledge of third-party vendor to treat outdoor areas to prevent and/or remove ice from entrance/exit crosswalk areas at store; defendant's inclement winter weather policies, procedures, guidelines, and training materials. |

| 7. | Sean O'Brien | c/o Walmart Store #277<br>501 SW 19th Street<br>Moore, OK  73160 | Deposed. Walmart Grocery Manager. Facts and circumstances surrounding Walmart's reaction to incoming inclement winter weather on February 27, 2019, and the days before February 27, 2019; training received regarding inclement winter weather; observations on February 27, 2019; actions and inactions taken by Walmart before and after Plaintiff's fall; knowledge of third-party vendor to treat outdoor areas to prevent and/or remove ice from entrance/exit crosswalk areas at store; defendant's inclement winter weather policies, procedures, guidelines, and training materials. |
| --- | --- | --- | --- |

| 8. | Chris Wainwright | 12021 Jadesdale Cir. Oklahoma City, OK 73170 | Deposed. Walmart Store Manager. Facts and circumstances surrounding Walmart's reaction to incoming inclement winter weather on February 27, 2019, and the days before February 27, 2019; training received regarding inclement winter weather; observations on February 27, 2019; actions and inactions taken by Walmart before and after Plaintiff's fall; knowledge of third-party vendor to treat outdoor areas to prevent and/or remove ice from entrance/exit crosswalk areas at store; defendant's inclement winter weather policies, procedures, guidelines, and training materials. |

| 9. | Kaycee Gibbs | 729 Carbon Road, McAlester, OK 74501 | Walmart Assistant Store Manager. Facts and circumstances surrounding Walmart's reaction to incoming inclement winter weather on February 27, 2019, and the days before February 27, 2019; training received regarding inclement winter weather; observations on February 27, 2019; actions and inactions taken by Walmart before and after Plaintiff's fall; knowledge of third-party vendor to treat outdoor areas to prevent and/or remove ice from entrance/exit crosswalk areas at store; defendant's inclement winter weather policies, procedures, guidelines, and training materials; investigations of incidents of falls on February 27, 2019 on black ice at General Merchandise entrance/exit before Daisy Rodriguez fell; Walmart's preparation of incident reports due to falls on black ice on February 27, 2019; |
|---|---|---|---|
| 10. | Dr. Chris Fiebrich | 1912 Riverside Drive Norman, OK 73072 | Defendant's retained weather expert; Forecasted inclement winter weather for February 27, 2019; issuance of Winter Weather Advisory for freezing drizzle in areas of Oklahoma City by National Weather Service at 4:41 a.m. on February 27, 2019 |

| 11. | Walmart corporate representative, Summer Yoder | c/o counsel for Defendant | Deposed.

Video evidence of Daisy Rodriguez's fall and multitude of falls on February 27, 2019, before Daisy Rodriguez fell;

Walmart's policies, procedures, and training modules relating to preservation of video evidence;

Walmart's policies, procedures, and training modules relating to document and evidence retention;

Walmart's policies, procedures, and training modules relating to investigation of weather-related incidents involving customers;

Designation and maintenance of exterior signage and painted lines on walking surfaces to facilitate pedestrian movement into store #743;

Walmart's policies, procedures, and training modules relating to anticipating, planning, and preparing for, reacting to, preventing, and/or correcting hazards due to snowy/icy weather conditions including, but not limited to: |
|---|---|---|---|

| | | | 1) One Best Way – Inclement Weather |
| --- | --- | --- | --- |
| | | | 2) Facility #743's lack of Walmart & Sam's Club Snow Preseason Assessment |
| | | | 3) Facility #743's lack of third party contract to prevent and/or remove ice from exterior surfaces at facility #743 |
| | | | 4) Department Safety Solutions |
| | | | 5) Facility #743's lack of Inclement Weather Plan |
| | | | 6) Inclement Weather Guidelines |
| | | | 7) Standard Operating Procedure – Minimize Impact of Inclement Weather – Front End |
| | | | 8) Standard Operating Procedure – Minimize Impact of Inclement Weather – Parking Lot/Sidewalks |
| | | | 9) Standard Operating Procedure – Minimize Impact of Inclement Weather – Management |
| | | | 10) Standard Operating Procedure – Parking Lot and Sidewalk Safety and parking lot/sidewalk remodel One Best Way guidelines |
| | | | 11) Walmart Workplace Safety – Hourly Associates |
| | | | 12) Walmart Workplace Safety – Management |
| | | | 13) One Best Way – Snow & Ice Containment |
| | | | 14) Walmart Operations/Asset Protection/Safety/Accident |

| | | | Prevention – Slip, Trip and Fall Guidelines;<br>15) Standard Operating Procedure – Prevent Slips, Trips, and Falls.<br>16) Walmart's monitoring of winter weather conditions by home office Emergency Operations Center;<br>17) Plans, drawings, diagrams for striping and signage designed to control vehicular and pedestrian movements at entrances, exits, crosswalks, in parking lot.<br><br>Walmart's investigation of Daisy Rodriguez's fall;<br><br>Walmart's investigations of falls on February 27, 2019, which occurred before and after Daisy Rodriguez fell;<br><br>Walmart's preparation of incident reports due to falls on black ice on February 27, 2019;<br><br>Actions and inactions taken by Walmart before and after Plaintiff's fall<br><br>Walmart's chain of command regarding the management, training, and operations of store #743;<br><br>Walmart's financial condition per 23 O.S. §9.1(A)(7). |
|---|---|---|---|

| 12. | Kathy Bottroff, M.S., C.R.C., L.P.C. Pros and Associates, Inc. | 1901 N. Moore Avenue, Suite Moore, OK 73160 (405) 476-7767 kbottroff@prosinc.net | Deposed. Retained Vocational Rehabilitation Expert |
|---|---|---|---|
| | | | Ms. Bottroff was unexpectedly forced to retire due to an unforeseen medical condition. The parties have agreed to the following method for presenting her testimony to the jury: |
| | | | Plaintiff may offer Ms. Bottroff's Expert Report and Curriculum Vitae into evidence in Plaintiff's case in chief; outside the presence of the jury, Defendant will make its objections to the admissibility of the expert opinions based on FREs 401, 402, 403, and 702 as well as arguments raised in its Daubert Motion [Doc. 67]; in the event the court overrules Defendant's objections, Defendant will be allowed to present testimony from Ms. Bottroff's September 16, 2022 deposition in this case, excluding any and all references to collateral sources pursuant to the court's Order [Doc. 129] on Plaintiff's Motion in Limine No. 1. |
| | | | Ms. Bottroff's testimony relates to matters set forth in her Rule 26 reports and tables, including, but not limited to, Plaintiff's current medical condition, recommended future medical |

| | | | procedures, projected medical costs, vocational rehabilitation, current residual function, transferrable skills analysis, and loss of earning capacity. |
|---|---|---|---|
| 13. | James M. Odor, M.D. Spine Surgery Associates | Parkway Medical Center 14100 Parkway Commons Dr, St 200 Oklahoma City, OK 73134 | Non-retained, treating orthopedic surgeon. Trial testimony taken on December 2, 2022, to be presented to jury via video recorded deposition. Dr. Odor will offer factual testimony as well as expert opinions consistent with his records and reports including, but not limited to, the nature and extent of injuries sustained by Plaintiff as a direct result of the fall at Wal Mart on February 27, 2019, medical treatments attempted, failure of medical treatments, Plaintiff's current medical condition, and projected future medical procedures. |
| 14. | William M. Clark, Ph.D. | 1830 Coventry Lane Oklahoma City, OK 73120 | Deposed. Retained Economic Damages Expert Witness. Dr. Clark will offer testimony concerning matters set forth in his Rule 26, including, but not limited to, the current economic value of earning capacity losses, household services losses, past medical costs, and projected future medical costs. |
| 15. | All witnesses listed by Defendant, whether called or not. | | |

| 16. | Any witnesses necessary to authenticate any exhibit | | |
|-----|-----------------------------------------------------|---|---|
| 17. | All rebuttal and impeachment witnesses | | |

Defendant objects to Plaintiff calling any witness who Plaintiff intends to have testify about other slip and fall incidents.

B. Defendant:

| No. | Name | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Daisy Rodriguez | c/o Mariano Acuna<br>Kari Holder<br>ACUNA LAW FIRM<br>201 NE 13th Street<br>Oklahoma City, OK 73104<br><br>and<br><br>Logan Johnson<br>Brad Miller<br>Jami Rhoades Antonisse<br>Weston White<br>MILLER JOHNSON JONES ANTONISSE & WHITE, PLLC<br>500 NW 6th St., Suite 300<br>Oklahoma City, OK 73102 | As Deposed. Will testify as to facts and circumstances surrounding Plaintiff's alleged incident and damages. |
| 2. | Summer Yoder | c/o Walmart Store #975 3712 W. Main St. Durant, OK | Will testify as to Policies and Procedures of Defendant Walmart |
| 3. | Sean O'Brien | c/o Walmart Store #517 951 E. State Hwy 152 Mustang, OK 73064 | Will testify as to facts and circumstances surrounding the subject incident and Walmart Policies and Procedures. |
| 4. | Chris Wainwright | 12021 Jadesdale Circle Oklahoma City, OK 73170 | Will testify as to facts and circumstances surrounding the subject incident and Walmart Policies and Procedures. |
| 5. | Dr. Chris Fiebrich, Ph.D. | 1912 Riverside Drive Norman, OK 73072 | Will testify as to his expert opinions, analysis and conclusions concerning weather data including, temperatures, precipitation, accumulation and forecast. |
| 6. | Billy Scales | c/o Walmart Store #743 100 E. Interstate 240 Service Road, Oklahoma City, OK 73149 | As deposed. Will testify as to facts and circumstances surrounding the subject incident. |

| 7. | Cherish Hill | c/o Walmart Store #743 100 E. Interstate 240 Service Road, Oklahoma City, OK 73149 | As Deposed. Will testify as to facts and circumstances surrounding Plaintiff's alleged incident and damages. |
|---|---|---|---|

| 8. | Kathy Bottroff, M.S., C.R.C., L.P.C. Pros and Associates, Inc. | 1901 N. Moore Avenue, Suite Moore, OK 73160 (405) 476-7767 kbottroff@prosinc.net | Deposed. Retained Vocational Rehabilitation Expert

Ms. Bottroff was unexpectedly forced to retire due to an unforeseen medical condition. The parties have agreed to the following method for presenting her testimony to the jury:

Plaintiff may offer Ms. Bottroff's Expert Report and Curriculum Vitae into evidence in Plaintiff's case in chief; outside the presence of the jury, Defendant will make its objections to the admissibility of the expert opinions based on FREs 401, 402, 403, and 702 as well as arguments raised in its Daubert Motion [Doc. 67]; in the event the court overrules Defendant's objections, Defendant will be allowed to present testimony from Ms. Bottroff's September 16, 2022 deposition in this case, excluding any and all references to collateral sources pursuant to the court's Order [Doc. 129] on Plaintiff's Motion in Limine No. 1.

Ms. Bottroff's testimony relates to matters set forth in her Rule 26 reports and tables, including, but not limited to, Plaintiff's current medical condition, recommended future medical procedures, projected medical costs, vocational rehabilitation, current residual function, |

| | | | |
|---|---|---|---|
| | | | transferrable skills analysis, and loss of earning capacity. |
| 9. | Persons necessary to authenticate and/or identify Defendant's exhibits. | | |
| 10. | Persons necessary to provide testimony and evidence of Plaintiff's medical damages for purposes of Rule 3009.1 compliance. | | |
| 11. | Defendant reserves the right to call any witnesses listed by Plaintiff and not objected to by Defendant. | | |
| 12. | All rebuttal and impeachment witnesses | | |

8.     <u>ESTIMATED TRIAL TIME</u>: 4-5 days

    A.     Plaintiff's Case:     <u>      3-4 days            </u>

    B.     Defendant's Case:     <u>      1 day            </u>

    C.     If you desire to have daily copy or any other extraordinary court reporter services during trial, you must so notify the Chief Deputy Court Clerk a <u>minimum of two weeks</u> before the date the case is scheduled to be called for trial.

9.     <u>BIFURCATION REQUESTED</u>:   Yes   <u>        </u>         No   <u>  X    </u>

10. <u>POSSIBILITY OF SETTLEMENT</u>:

Good _____     Fair _____     Poor __X__


All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC


By: _s/J. Logan Johnson_____
Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Jami Rhoades Antonisse, OBA #20612
Weston H. White, OBA #21863
500 NW 6th Street, Suite 300
Oklahoma City, OK 73102-1219
Telephone: (405) 896-4388
Fax: (405) 609-2995
bmiller@mjjaw.com
ljohnson@mjjaw.com
jantonisse@mjjaw.com
wwhite@mjjaw.com
**-and-**
Mariano Acuña, OBA No. 20023
Kari Holder, OBA No. 33195
Mariano Acuña & Associates
1900 N.W. Expressway, Suite 930
Oklahoma City, OK  73118
Telephone: (405) 225-0703
Fax: (405) 551-8749
mariano@acunalawfirm.com
kari@acunalawfirm.com
***Attorneys for Plaintiff***

*s/Michael W. Brewer*

Michael W. Brewer, OBA #11769
Andre V. Farinha, OBA #32910
Hiltgen & Brewer, P.C.
9505 N. Kelley Avenue
Oklahoma City, OK 73131
Telephone: (405) 605-9000
Fax: (405) 605-9010
mbrewer@hbokc.law
jscott@hbokc.law
***Attorneys for Defendant***