IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAISY RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-00749-JD |
| | ) |
| WALMART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court are Defendant Walmart Stores East, LP's ("Walmart") Motion for Judgment as a Matter of Law [Doc. No. 172] and Walmart's Motion for a New Trial [Doc. No. 173]. Plaintiff Daisy Rodriguez's ("Rodriguez") filed Responses [Doc. Nos. 181, 182]. Walmart filed Replies [Doc. Nos. 183, 184]. As explained below, the Court denies Walmart's Motions.

**I.   BACKGROUND**

Rodriguez slipped and fell on black ice while walking toward the entrance of Walmart's Store No. 743 in Oklahoma City. Rodriguez suffered injuries from this fall. Rodriguez filed suit in state court, and Walmart removed the case to this Court.

Following a five-day trial, a jury returned unanimous verdicts in favor of Rodriguez. *See* [Doc. Nos. 158, 162]. It awarded her $4,000,000.00 in actual damages and $1,500,000.00 in punitive damages. Walmart now renews its request for judgment as a matter of law or seeks a new trial.

## II. LEGAL STANDARDS

"[J]udgment as a matter of law is only appropriate when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Allen v. Wal-Mart Stores, Inc.*, 241 F.3d 1293, 1296 (10th Cir. 2001) (internal quotation marks omitted) (citing Fed. R. Civ. P. 50(a)(1)). This relief is only warranted "if the evidence points but one way." *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1129 (10th Cir. 2019) (quoting *In re: Cox Enters., Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017)). "All reasonable inferences are drawn in favor of the nonmoving party and this court does not make credibility determinations or weigh the evidence." *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 983 (10th Cir. 2019) (quoting *Stewart v. Adolph Coors Co.*, 217 F.3d 1285, 1288 (10th Cir. 2000)).

"[A] new trial may be granted if the district court concludes the 'claimed error substantially and adversely' affected the party's rights." *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) (quoting *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1998)). "A Rule 59(a) motion for a new trial 'normally involves a review of the facts presented at trial, and thus involves the discretion of the trial court.'" *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (quoting *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1157 (10th Cir. 2006)). "If 'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

III.     ANALYSIS

   A.     **The Court denies Walmart's Motion for Judgment as a Matter of Law.**

Walmart argues that the Court should wait to rule on this motion until the Oklahoma Supreme Court issues a decision in *Ramirez v. Wal-Mart Stores East, L.P.* It also argues that Rodriguez cannot establish that the black ice was hidden as a matter of law. Lastly, Walmart contends the evidence does not support the jury's award of punitive damages.

   1.     The Court will not wait for the Oklahoma Supreme Court to issue its opinion in *Ramirez v. Walmart Stores East, L.P.*

Walmart argues that the Court should wait to decide this motion because the Oklahoma Supreme Court is "currently considering a case that will likely have a direct effect on the result here." [Doc. No. 172 at 4].[1] In *Ramirez*, the plaintiff slipped and fell in a Walmart parking lot on a patch of ice. Less than an hour before plaintiff slipped, a Walmart associate fell near where the plaintiff fell, and the area was salted. The plaintiff sued Walmart for negligence, and a jury returned a verdict in his favor. The Oklahoma Court of Civil Appeals ("COCA") affirmed the judgment. Walmart sought review and reversal by the Oklahoma Supreme Court for four separate reasons: (1) COCA did not properly apply *Buck v. Del City Apartments, Inc.*, 1967 OK 81, 431 P.2d 360; (2) evidence of a prior fall was improperly admitted; (3) COCA wrongly affirmed the trial court's exclusion of the plaintiff's medical bills; and (4) the plaintiff's counsel made

---

[1] The Court uses CM/ECF page numbering from the top of the district court docket filing.

inflammatory arguments in closing. The Oklahoma Supreme Court granted Walmart's petition for certiorari.

Walmart points the Court to no binding caselaw in support of its request. And the Court does not think that staying its decision would "secure the just, speedy, and inexpensive determination of" this proceeding for several reasons. Fed. R. Civ. P. 1. First, there is no guarantee the Oklahoma Supreme Court's ruling will change the legal landscape in favor of Walmart. Second, there is no guarantee the Oklahoma Supreme Court will premise its ruling on Walmart's first assignment of error. Whether COCA correctly applied *Buck v. Del City Apartments, Inc.* is the only issue that pertains to what Walmart argued in its Motion for Judgment as a Matter of Law, and the Oklahoma Supreme Court could opt to reverse the case on one of the other grounds. Third, and perhaps most importantly, there are significant factual differences between this case and *Ramirez*. For example, in *Ramirez*, only one person fell on the ice before the plaintiff also fell. Here, twenty-two people fell on the ice in the hour before Rodriguez also fell. Additionally, it is undisputed that Walmart associates did not salt the area at any point before Rodriguez fell.

Therefore, the Court declines to wait to rule on Walmart's Motion for Judgment as a Matter of Law.

2. <u>The jury's verdict in favor of Rodriguez was supported by the law and evidence.</u>

Walmart argues it is entitled to judgment as a matter of law because the black ice outside its doors was open and obvious, and the icy condition was not caused or exacerbated by Walmart. It primarily relies on *Buck v. Del City Apartments, Inc.*

Oklahoma law provides that a business owner such as Walmart "owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 1996 OK 114, ¶ 6, 925 P.2d 891, 893. "The basis of this duty is 'the owner's superior knowledge of the danger.'" *Ritch v. Carrabbas Italian Grill L.L.C.*, 719 F. App'x 838, 840 (10th Cir. 2018) (unpublished) (quoting *Southerland v. Wal-Mart Stores, Inc.*, 1993 OK CIV APP 12, ¶ 4, 848 P.2d 68, 69). "Accordingly, the owner's duty of care to invitees extends to hidden dangers, traps, snares, pitfalls and the like that are not known to the invitee, but generally does not apply to dangers that are open and obvious to an invitee." *Id.* (citation omitted).

In *Buck*, the Oklahoma Supreme Court stated, "mere slipperiness of snow or ice in its natural state and accumulations does not give rise to liability." 1967 OK 81, ¶ 23, 431 P.2d 360, 366. But that Court later clarified *Buck*'s application:

> Apparently, the district court regarded the rule of *Buck* as an inflexible and absolute rule of law—that under no circumstances may a premises liability claim be maintained for an accident attributable to a natural accumulation of ice or snow. The *Buck* opinion does not hold that natural accumulations of ice and snow constitute open and obvious hazards as a matter of law. Instead, *Buck* reasoned that perceptible hazards created by the elements,

5

> such as the accumulation of ice and snow, are universally appreciated by all reasonable people using due care and circumspection. *Buck* teaches that an accumulation of ice or snow, visible upon due care and circumspection, does not constitute a hidden danger such that the premises owner is under a duty to give warning.

*Brown v. All. Real Est. Grp.*, 1999 OK 7, ¶ 4, 976 P.2d 1043, 1044.

Drawing all reasonable inferences in favor of Rodriguez, the evidence shows that Walmart had "knowledge of the black ice," and "the ice was invisible." *Dover v. W.H. Braum, Inc.*, 2005 OK 22, ¶ 11, 111 P.3d 243, 246. *See, e.g.*, [Doc. No. 182-1 at 13–14] (Walmart employee explaining that he told a store manager about the slick conditions outside the door); [Doc. No. 182-1 at 12–13] (witness agreeing that he could feel ice beneath his feet but could not see it with his eyes); [Doc. No. 182-3 at 25] (Rodriguez stating that she could not see what she fell on). Since Walmart knew of the hazardous condition and the condition was unseen by a reasonable person, imposing liability is permissible as a matter of law.[2] The Court denies Walmart's Motion for Judgment as a Matter of law as to this issue.

---

[2] Because the Court concludes that the ice was not open and obvious as a matter of law, it does not reach the issue of whether an exception to the open and obvious doctrine applies. *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 975 (10th Cir. 2015) ("Finding that the open and obvious danger doctrine is 'not absolute,' the Oklahoma Supreme Court recently concluded that even where an invitee is injured by an open and obvious condition, a landowner may still have a duty to warn of or otherwise protect the invitee from the dangerous condition if the injury suffered was reasonably foreseeable to the landowner." (quoting *Wood v. Mercedes–Benz of Okla. City*, 2014 OK 68, ¶ 7, 336 P.3d 457, 459–60)).

      3.      <u>The jury's award of punitive damages was supported by the law and evidence.</u>

Walmart argues that the jury's award of punitive damages was improper because Rodriguez did not present evidence that Walmart "was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to others." [Doc. No. 172 at 9]. It states that "there was nothing reckless about any act or omission of Walmart with respect to providing a warning of the naturally occurring weather conditions in its parking lot." [Doc. No. 172 at 10].

Punitive damages may be assessed if the defendant "has been guilty of reckless disregard for the rights of others."[3] Okla. Stat. tit. 23 § 9.1(B)(1). This must be shown by "clear and convincing evidence." *Id.*

The Court disagrees with Walmart regarding its failure to warn argument for the reasons already stated. It also determines that there was a legally sufficient evidentiary basis for a reasonable jury to find that Walmart, via its employees, acted in reckless disregard for the rights of others. For example, the evidence showed that Walmart was aware of the incoming inclement weather. It opened its store but did not salt the pavement area outside its doors. It also did not ensure its employees were trained or prepared to handle the situation. Despite being notified that customers were repeatedly slipping and falling near the outside doors, it did nothing to rectify the situation. It did not salt the area, post a warning sign, have an employee stand there to warn customers, or

---

[3] The Court has already granted Walmart judgment as a matter of law on whether it acted intentionally and with malice towards others.

take any other measures to ensure no additional customers were harmed. In light of the proper standard, this is enough to show Walmart acted in reckless disregard for the rights of others.

The Court denies Walmart's Motion for Judgment as a Matter of Law on this basis.

B.     **The Court denies Walmart's Motion for a New Trial.**

Walmart argues a new trial is warranted because Rodriguez's counsel, Mr. Miller, suggested Walmart spoliated evidence. It also contends the jury instructions were erroneous. Lastly, Walmart argues a new trial is necessary because the punitive damages awarded by the jury are grossly excessive.[4]

1.     Mr. Miller's statements do not necessitate a new trial.

Walmart contends "[t]he trial record is replete with Plaintiff's counsel's commentary about Walmart's supposed spoliation." [Doc. No. 183 at 2]. It argues that, during witness questioning and closing arguments, Rodriguez's counsel "planted the seed" and "insinuat[ed]" that Walmart had not produced all relevant evidence. *Id.*

"[C]ourts must exercise great caution in setting aside a jury's verdict due to an improper argument." *Burke v. Regalado*, 935 F.3d 960, 1026 (10th Cir. 2019) (alterations in *Burke*) (quoting *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1168 (10th Cir. 2017)). "[T]he extensiveness of the improper remarks, the absence of any

---

[4] Walmart further seeks a new trial on the same grounds raised in its Motion for Judgment as a Matter of Law, which the Court has rejected above. The Court also declines to grant a motion for new trial under Rule 59(a) on any of the grounds raised in the Motion for Judgment as a Matter of Law.

meaningful curative action, and the size of the verdict" are the three factors that have been "long used to mark the boundaries between when a new trial is and is not required." *Whittenburg v. Werner Enterprises Inc.*, 561 F.3d 1122, 1133, 1131 (10th Cir. 2009). "That counsel's closing remarks were improper is one thing; that they rise to the high level required to merit reversal under [Tenth Circuit] case law is quite another." *Id.* at 1131. To grant a motion for a new trial, the district court must use the three factors to "compare the propriety of the challenged remarks against the weight of the evidence adduced at trial." *Burke*, 935 F.3d at 1026.

Walmart complains of several exchanges. The Court lists the bulk of these exchanges below:

> MR. MILLER: This was not the first fall in the black ice in this very same area at Walmart that day. In fact, the problem is we don't know how many total, all we do know is the hour of video that we could get out of Walmart right before Daisy Rodriguez's fall.
>
> . . .
>
> MR. BREWER: Your Honor, objection; relevance and argumentative.
>
> THE COURT: Mr. Miller? . . . What's your response?
>
> MR. MILLER: Relevance? I mean, the Court's already ruled on that. I think I'm just being repetitive so that they -- I can correct my error. I made an error, Judge.
>
> THE COURT: Okay. Correct your error. Overruled.

[Doc. No. 170 at 32–33].

> MR. MILLER: . . . . But a few steps in, right after we don't see her ever -- anymore, a few steps in, because we don't have those camera angles from inside the store, she starts getting dizzy.

9

[Doc. No. 170 at 39].

> MR. MILLER: All right. So, in any event, what we know for sure is that the reports that we've been provided -- those reports -- which you were -- that was part of what you were supposed to come talk about in your deposition; right?
>
> MS. WILLIS: Yes, sir.
>
> MR. MILLER: The -- the whole world of reports that you were ever given by the Walmart lawyers was five; right?
>
> MS. WILLIS: Yes. I was provided these exact ones.
>
> MR. MILLER: Yes. And -- and, again, I hate to be belabor this, but it's kind of important: And you never did make any calls or check on whether any other reports existed on this morning; correct?
>
> MR. BREWER: Objection, Your Honor. Asked and answered. The investigation part is --
>
> THE COURT: Sustained.

[Doc. No. 180 at 34].

> MR. MILLER: . . . . [I]f Ms. Rodriguez was up there, not in one of those private places like a bathroom or changing room, then she would have been on a video; correct?
>
> MS. WILLIS: Again, we would have to pull that video just to verify, but I would assume she would be seen walking, doing those things, if that was the case. There would be evidence of her being on video, yes.
>
> MR. MILLER: Right. But you've never seen any of that because those videos don't -- have never been presented to you as part of what was retained. Fair?
>
> MS. WILLIS: From my understanding, it was due to an incident related, so we would only document where the incident happened and the best of relevancy to that.

[Doc. No. 180 at 67–68].

The Court does not think these exchanges, or any other remarks Walmart references, are significant or extensive in light of the five-day trial. There are five volumes of transcript from this trial—over 700 pages. These statements and exchanges do not undercut the weight of the evidence supporting the jury's verdict.

The Court similarly rejects Walmart's arguments regarding the lack of curative action taken by the Court. Several of the statements Walmart argues were improper were not objected to by Mr. Brewer on that basis. Further, when Mr. Brewer did object, the Court ruled in his favor. For example:

> MR. BREWER: . . . . We believe this is a violation of the Court's ruling. There is -- there was nothing done in discovery -- Walmart produced the reports in addition to Plaintiff's report -- be a total of, I think, five, including Plaintiff, and that they -- that was produced as the totality of incident reports that existed before Plaintiff's incident. There is no dispute brought before this trial. This is ambush evidence. It's misleading to the jury. There is no spoliation ruling that has been made, and we believe this is highly prejudicial and should be excluded. Would ask that the jury be admonished to ignore the testimony they just heard.
>
> . . .
>
> THE COURT: So I am going to sustain that objection and admonish the jury to ignore the witness's testimony. And, Mr. Miller, you need to steer clear of these broad questions that are getting at things that the witness is not appreciating kind of the distinction in timing based on the Court's limine rulings, because I did tell counsel that they needed to make the witnesses aware of the Court's limine rulings, and so you need to steer clear of questioning her or eliciting testimony that's going to get into the Court's prohibited areas. Any questions?
>
> . . .
>
> MR. MILLER: I'm ready to move on.
>
> THE COURT: Okay. Mr. Brewer, are you ready as well?

      MR. BREWER: Yes, Your Honor.

      . . .

      THE COURT: Members of the jury, I sustained that objection, and I have stricken from the record the testimony about the estimate of the reports that this witness filled out and the number of reports, and you are to ignore that testimony.

[Doc. No. 180-1 at 39–42].

      Here, the Court gave Walmart the requested relief. "[C]urative instructions—issued promptly after the improper argument and specifically addressing the precise impropriety complained of—can go far in erasing prejudice occasioned by an improper remark." *Burke v. Regalado*, 935 F.3d 960, 1026 (10th Cir. 2019) (internal quotation marks and citation omitted). The Court concludes that it took meaningful curative action when such action was requested by Walmart.

      Therefore, even assuming Rodriguez's counsel made improper remarks, they were not extensive nor left uncured by the Court. And, although the Court notes the substantial size of the verdict, upon review of the record and evidence presented at trial, it determines the sum does not indicate the remarks had a prejudicial effect.[5] The Court does not grant a new trial on this basis.

---

[5] Even if this factor weighs in favor of a new trial, "[w]hether the comments were so egregious as to warrant a new trial 'is not based on any one of these factors singly, but rather their combination after considering the argument as a whole.'" *Burke*, 935 F.3d at 1027 (quoting *Whittenburg*, 561 F.3d at 1133).

2. The Court's jury instructions were not erroneous.

Walmart argues that the Court erred by failing to give the jury two instructions based on *Buck v. Del City Apartments, Inc.*, 1967 OK 81, 431 P.2d 360. It argues "[t]he Court's failure to instruct the jury on these aspects of Oklahoma law misled the jury, requiring a new trial." [Doc. No. 173 at 8].

When reviewing jury instructions, the Tenth Circuit "examin[es] whether as a whole, the instructions accurately informed the jury of the issues and the governing law." *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1221 (10th Cir. 2008). "Failure to properly instruct the jury requires a new trial 'if the jury might have based its verdict on the erroneously given instruction.'" *Id.* (quoting *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1242 (10th Cir. 2002)).

Walmart's Requested Jury Instruction 5 stated, "Mere slipperiness of snow or ice in its natural state and accumulations does not give rise to liability. If you find that the condition that Plaintiff slipped on was ice in its natural state and accumulation then you must find in favor of Defendant." [Doc. No. 100 at 7]. Walmart's Requested Jury Instruction 6 stated, "Where there is no act on the part of the owner or occupant of the premises creating a greater hazard than that brought about by natural causes, dangers created by the elements, such as the forming of ice and the falling of snow, are universally known, and all persons on the property are expected to assume the burden of protecting themselves from them." *Id.* at 8.

The Court chose not to use Walmart's requested instructions based on *Buck* because these issues were already covered by other instructions the Court gave the jury.

*See* [Doc. No. 155]. Additionally, considering cases like *Brown v. Alliance Real Estate Group*, 1999 OK 7, ¶ 4, 976 P.2d 1043, 1044, the Court concludes that using the Oklahoma Uniform Jury Instructions gave the jury a more complete and accurate statement of the law. The Court does not grant a new trial on this basis.

3. The jury's award of punitive damages was not grossly excessive.

Walmart argues the Court should vacate or remit the jury's award of $1,500,000.00 in punitive damages because it is grossly excessive. Walmart premises this argument on the low degree of reprehensibility of its conduct.[6]

"The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *Burke v. Regalado*, 935 F.3d 960, 1037 (10th Cir. 2019) (quoting *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1206 (10th Cir. 2012)). Courts reviewing punitive damages must consider "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties

---

[6] Walmart also states "[t]hat amount, even if not constitutionally excessive, is grossly excessive in these circumstances." [Doc. No. 173 at 8]. However, in its briefing, Walmart only addresses the constitutional standard. Regardless, as argued, the Court does not deem the award of punitive damages grossly excessive in these circumstances. *Cf. United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (explaining that in our adversarial system of adjudication, courts "follow the principle of party presentation" and rely on counsel to advance the arguments entitling them to relief; courts "do not, or should not, sally forth each day looking for wrongs to right . . . . [they] decide only questions presented by the parties").

14

authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). For reprehensibility,

> courts are to consider the following: (1) whether the harm caused was physical as opposed to economic; (2) whether the defendant acted with indifference or a reckless disregard for the health or safety of others; (3) the financial vulnerability of the plaintiff; (4) whether the defendant's wrongful conduct involved repeated actions or was an isolated incident; and (5) whether the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1065 (10th Cir. 2016) (quoting *Jones*, 674 F.3d at 1207). "[T]he degree of reprehensibility [is] '[p]erhaps the most important indicium of the reasonableness of a punitive damages award.'" *Id.* (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

For the first factor, the harm caused to Rodriguez was primarily physical. She suffered permanent injuries to her back because of the fall. However, she also sustained economic harm because her earning capacity is diminished due to her physical injuries. For the second factor, Walmart acted with indifference for the safety of others by not taking steps to ensure its customers were not injured on its property despite its knowledge of the inclement weather and the accidents that were taking place right outside the front doors. The third factor, financial vulnerability, "does not have particular relevance in this case, where the harm [the plaintiff] suffered was physical rather than a reprehensible exploitation of financial vulnerability through fraud or other financial misconduct." *Lompe*, 818 F.3d at 1066. For the fourth factor, Walmart's conduct involved repeated actions (or inactions). For example, Walmart was informed of the slick conditions outside its door more than once. Walmart's repeated failure to act increased the risk to its other

15

customers. In fact, the evidence at trial showed several people falling and walking away somewhat injured. *See id.* ("[P]unitive damages cannot be used to punish the defendant for harm to nonparties, but that the risk of harm to nonparties can be considered in assessing reprehensibility.") (citation omitted). However, the Court notes that Walmart's action/inaction was not repeated over several days or over the course of several distinct weather incidents. Lastly, nothing Walmart did was the result of intentional malice, trickery, or deceit. Instead, Walmart's conduct "consisted of a failure to act rather than any intent to injure through affirmative conduct." *Id.* at 1067.

The Court concludes that these factors, when taken together, show Walmart engaged in wrongful conduct deserving of punitive damages. Although not every single factor favors punitive damages, they also do not dispositively show that the punitive damages award is unreasonable. Having considered reprehensibility and Walmart's lack of arguments on the second and third *Gore* factors, the Court decides the jury's punitive damages award is not grossly excessive.[7]

---

[7] Walmart does not make any arguments regarding the other two *Gore* factors. Instead, it merely states that the low degree of reprehensibility requires reversal "even if the disparity between the jury's award of compensatory and punitive damages is not great (second factor) or if the difference between the punitive damages and the civil penalties is not great (third factor)." [Doc. No. 173 at 9–10]. Assuming, as Walmart suggests, that the other two factors weigh in favor of Rodriguez, the degree of reprehensibility of Walmart's conduct does not, on its own, require the Court to vacate or remit the punitive damages award. *See Burke v. Regalado*, 935 F.3d 960, 1039 (10th Cir. 2019) (holding that a party's conduct was sufficiently reprehensible to support a punitive damages award where some, but not all, of the five reprehensibility considerations were met).

## IV. **CONCLUSION**

For these reasons, the Court DENIES Walmart's Motion for Judgment as a Matter of Law. [Doc. No. 172]. The Court also DENIES Walmart's Motion for a New Trial. [Doc. No. 173].

IT IS SO ORDERED this 11th day of July 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE